Judge CUNNINGHAM, Judge RHODES and I dissent from the opinion of the Court as respects the funds of the defendant which came into the hands of the garnishee after the service of the attachment.
As was clearly pointed out by Mr. Justice LINN in Aarons v. Public Service B. L. Assn., 318 Pa. 113, 118, 178 A. 141, the garnishee's right of priority over an attachment served upon it arises from our statutes permitting defalcation; and this right of defalcation is a present or immediate one; that is, the debt due the garnishee by the defendant in the attachment must be due and demandable when the attachment is served, or the garnishee may not defalcate it against the funds of the defendant in its possession. And the converse is also true. The garnishee cannot defalcate its claim today — when the attachment is served — against funds of its debtor coming into its possession tomorrow, so as to have priority over an attachment served today, which however binds money of the defendant coming into the *Page 123 
hands of the garnishee after the attachment is served (Frazier v. Berg, 306 Pa. 317, 159 A. 541).
The right of defalcation by the garnishee — as respects priority over an attachment duly served — is fixed by the status when the attachment was served; and it can be applied, in priority to an attachment duly served, only to the extent that the defendant's debt to it is then due and demandable, on the one hand, and only against funds of the defendant in its hands when the attachment is served, on the other.
Had the defendant given the garnishee the HOLC bonds with directions to sell and apply the proceeds to its indebtedness the attachment would not have bound the money so received. But the garnishee having received the bonds for sale only, they remained the property of the defendant and the attachment bound them and the proceeds from their sale.